IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR 23 PM 2:29
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| ROBERTA ANN DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-017 |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; TRANSUNION ) | |
| LLC; EQUIFAX INFORMATION ) | |
| SERVICES LLC; and SUNTRUST ) | |
| BANK, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case, in which she alleges various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Graham-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et seq*. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Experian Information Solutions LLC ("Experian"), (2)

TransUnion LLC ("TransUnion"), (3) Equifax Information Services ("Equifax"), and (4) SunTrust Bank ("SunTrust"). (Doc. no. 1, p. 2). In her complaint, Plaintiff alleges that her Social Security Number ("SSN") is included as part of her account number with the United States Department of Education ("DOE") and that she contacted Defendants Experian, TransUnion, and Equifax to ask them to mask the part of her DOE account number displaying her SSN in her credit reports. (Id. at 3). She maintains that these Defendants either refused to do so or never responded to her request. (Id.). In addition, Plaintiff's credit report with Equifax apparently displays her SSN in a separate section, and Equifax failed to respond to Plaintiff's requests to have her SSN displayed in this section masked as well. (Id.). In addition, Plaintiff contends that Experian sold a copy of her credit report to a credit card company with whom she has never opened an account. (Id.). She also maintains that Equifax required her to reveal her private personal identification number ("PIN") to obtain a free copy of her credit report and that even after the PIN was provided, Equifax refused to provide her with a copy of the report. (Id. at 3, 10, 21). Finally, she states that SunTrust impermissibly purchased a copy of her credit report when she opened a checking account. (Id. at 3).

In sum, Plaintiff claims that the following actions violated the FCRA: (1) the display and refusal to mask Plaintiff's SSN by Experian, TransUnion, and Equifax; (2) the impermissible sale of her credit report by Experian; (3) the requirement by Equifax that Plaintiff reveal her PIN; and (4) Equifax's refusal to provide her with a free copy of her credit report. (See generally doc. no. 1). In addition, Plaintiff contends that the purchase of her credit report by SunTrust violated both the FCRA and the GLBA. (Id. at 23-28).

As relief, Plaintiff requests an injunction ordering: (1) Experian, TransUnion, and Equifax to mask all references to her SSN; (2) Equifax to remove her SSN from her credit

2

report; and (3) Equifax to provide her with a new PIN free of charge and her yearly free copy of her credit report. (Id. at 4, 30). Plaintiff also requests a declaratory judgment finding Experian liable for selling a copy of her credit report without a "permissible purpose" and finding SunTrust liable for impermissibly purchasing a copy of her credit report. (Id.). She also demands an unspecified amount in damages for the emotional distress she alleges she has suffered as a result of Defendants' actions. (Id. at 29-31). Specifically, Plaintiff claims that she has suffered "extreme nervousness, fear, humiliation, embarrassment, excessive worry, a feeling of betrayal and violation, and other emotional distress." (Id. at 30).

## II. DISCUSSION

### A. Injunctive and Declaratory Relief Claims

As noted, Plaintiff has requested injunctive and declaratory relief for alleged violations of the FCRA by all Defendants. Specifically, Plaintiff has requested an injunction prohibiting Experian, TransUnion, and Equifax from displaying her SSN on any of her credit reports and requiring Equifax to provide her with her yearly free copy of her credit report. She also requests a declaratory judgment finding SunTrust liable for impermissibly obtaining a copy of her credit report. Although not addressed by the Eleventh Circuit, the most recent federal appellate court to address this issue found that injunctive relief is not available to private plaintiffs under the FCRA.[1] Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000). In so holding, the court noted that the civil liability provisions of the FCRA

---

[1] However, the Eleventh Circuit has addressed the availability of injunctive relief to private litigants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., which is quite similar to the FCRA. See Sibley v. Fulton Dekalb Collection Serv., 677 F.2d 830 (11th Cir. 1982). There, the court held that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]." Id. at 834.

3

"expressly refer to damages and attorney fees without mentioning injunctive relief." Id. (citing 15 U.S.C. §§ 1681n & 1681o). Moreover, other sections of the FCRA grant the Federal Trade Commission and other agencies the power to pursue injunctive relief. Id. (citing 15 U.S.C. §§ 45(b), 1681s(a)-(b)). Thus, the Washington Court concluded that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the Federal Trade Commission." Id.

The majority of federal district courts, including a federal district court in this circuit, to consider the issue have also found that private plaintiffs have no right to injunctive or declaratory relief under the FCRA. See Mangio v. Equifax, Inc., 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) ("[T]he FCRA's failure to provide for private injunctive relief indicates that such relief is not available."); see also Anderson v. Capital One Bank, 224 F.R.D. 444, 448 (W.D. Wis. 2004); Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525, 526-27 (E.D. Va. 1998); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320, 1338 (D. Utah 1997); Kekich v. Travelers Indem. Co., 64 F.R.D. 660, 668 (W.D. Pa. 1974). In sum, this Court agrees with the reasoning of the majority of courts to consider the issue that injunctive and declaratory relief are not available to private litigants under the FCRA. Accordingly, Plaintiff's claims for injunctive and declaratory relief against Defendants Experian, Equifax, TransUnion, and SunTrust should be dismissed for failure to state a claim upon which relief may be granted.

**B.    SSN and PIN Claims**

Plaintiff also requests monetary damages under the FCRA as a result of the display of her SSN by Experian, TransUnion, and Equifax on her credit reports and because Equifax

required her to disclose her PIN in order to obtain a copy of her credit report. Under the FCRA, credit reporting agencies ("CRAs") such as Experian, TransUnion, and Equifax, are liable to individuals for actual and punitive damages, as well as attorney's fees, for failing to comply with statutorily-imposed obligations. See Mangio, 887 F. Supp. at 284 (citations omitted). While the FCRA require CRAs to truncate the first five (5) digits of a consumer's SSN appearing on his or her credit report upon request by the consumer and receipt of appropriate proof of identity, see 15 U.S.C. § 1681g(a)(1), there is no statutory requirement that CRAs mask a consumer's entire SSN. In addition, "[t]he FCRA does not regulate the disclosure of *all* information that CRAs receive from financial institutions." Individual Reference Servs. Group v. Fed. Trade Comm'n, 145 F. Supp. 2d 6, 16 (D.D.C. 2001) (emphasis added). Rather, the statute outlines the permissible circumstances under which a CRA may obtain information via a "consumer report," which contains information related to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living . . . ." 15 U.S.C. § 1681a(d)(1). Notably, a consumer report does not include the consumer's name, address, SSN, or phone number. See Individual Reference Servs. Group, 145 F. Supp. 2d at 17.

Thus, it cannot be said that a CRA violates the FCRA by releasing or failing to mask a consumer's SSN. Cf. Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 118-19 (E.D.N.Y. 1999) (holding that a plaintiff had failed to state a claim under the Social Security Act, 42 U.S.C. § 408, where he had failed to show that a CRA had used his SSN for an impermissible purpose under the FCRA). Moreover, while there have been no cases to address Plaintiff's allegation regarding the required disclosure of her PIN to Equifax, the Court is not persuaded that such a claim is actionable, especially where there is no evidence that Equifax

disclosed her PIN to a third party. Inasmuch as Plaintiff complains that she is entitled to receive a free copy of her credit report following the disclosure of her PIN, the Court has already recommended that her claims for injunctive and declaratory relief be denied because neither is available under the FCRA. See supra Part II.A. Accordingly, the Court recommends that Plaintiff's monetary damages claims against Experian, TransUnion, and Equifax regarding the display and alleged refusal to mask her SSN, as well as her claim against Equifax regarding its requirement that she reveal her PIN, be dismissed for failure to state a claim upon which relief may be granted.

## C. Remaining Claims Against SunTrust

In addition to her claims for declaratory relief against SunTrust discussed above, Plaintiff has also asserted claims for monetary damages against SunTrust under the FCRA and GLBA for the alleged improper purchase of her credit report. In addressing Plaintiff's claim under the FCRA, the Court finds Seventh Circuit's opinion in Stergiopoulos v. First Midwest Bancorp, Inc., 427 F.3d 1043 (7th Cir. 2005), instructive. As the court in Stergiopoulos explained, under the FCRA, a copy of consumer's credit report may be obtained from a CRA where there exists, *inter alia*, an existing contractual relationship or an existing credit relationship with the consumer. Stergiopoulos, 427 F.3d at 1047 (citing 15 U.S.C. § 1681b(a)(3)(A), (E)). Plaintiff has an underlying contractual obligation with SunTrust, as Plaintiff freely admits that she signed a contract with SunTrust when she opened a checking account there. (See doc. no. 1, p. 27). As the FCRA permits institutions that have contractual obligations with consumers to obtain a copy of their credit report, it cannot be said that SunTrust acted impermissibly in obtaining a copy of Plaintiff's credit report. Accordingly, this claim by Plaintiff also fails to state a claim upon which relief may be granted.

As to Plaintiff's claims against SunTrust under the GLBA, the statute clearly indicates that it is to be enforced by "Federal functional regulators, the State insurance Authorities, and the Federal Trade Commission." 15 U.S.C. § 6805(a). Based on this exclusive grant of authority to state and federal regulatory agencies, the overwhelming number of courts to consider the issue have found that no private right of action exists for alleged violations of the GLBA. See Winter Park Condo. Ltd. P'ship v. Wachovia Bank, Nat'l Ass'n, No. 6:09-CV-218, 2009 WL 290992, at *1 (M.D. Fla. Feb. 6, 2009); see also Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956, 960 (8th Cir. 2007); Farley v. Williams, No. 02-CV-0667C(SR), 2005 WL 3579060, at *3 (W.D.N.Y. Dec. 30, 2005); Briggs v. Emporia State Bank & Trust Co., No. 05-2125-JWL, 2005 WL 2035038, at *3 (D. Kan. Aug. 23, 2005); Am. Family Mut. Ins. Co. v. Roth, No. 05 C 3839, 2005 WL 3700232, at *6 (N.D. Ill. Aug. 5, 2005); Borninski v. Williamson, No. 3:02-CV-1014, 2004 WL 433746, at *3 (N.D. Tex. Mar. 1, 2004); Menton v. Experian Corp., No. 02 Civ. 4687 (NRB), 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003).

The Court agrees with the analysis set forth in those cases and sees no reason to depart from those well-reasoned holdings. Given Plaintiff's claims of breach of fiduciary duty, the Court specifically notes that it agrees with the finding in Winter Park that "[t]he assertion that the GLBA permits bank customers to pursue fiduciary duty claims against institutions such as [banks] is inconsistent with . . . precedent and the language of the statute." Winter Park, 2009 WL 290992 at *1. As the GLBA may only be enforced by state and federal regulatory agencies, Plaintiff has no private right of action against SunTrust under this statute.

Accordingly, this claim should also be dismissed for failure to state a claim upon which relief may be granted.[2]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for declaratory and injunctive relief, her claims regarding disclosure of her SSN and PIN, and her claims against SunTrust under the FCRA and GLBA be **DISMISSED** for failure to state a claim upon which relief may be granted. As Plaintiff's only remaining *arguably* viable claim involves Defendant Experian, the Court also **REPORTS** and **RECOMMENDS** that Defendants Equifax, TransUnion, and SunTrust be **DISMISSED** from this action.

SO REPORTED and RECOMMENDED this 23rd day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]In a simultaneously filed Order, the Court has directed that service of process be effectuated on Defendant Experian as to Plaintiff's claim for monetary damages under the FCRA for the alleged improper sale of her credit report.

8