IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERTA ANN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-017 |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation as modified herein, to which objections have been filed. By way of background, the Court notes that Plaintiff's complaint alleged various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Graham-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et seq.* (See generally doc. no. 1). Upon screening Plaintiff's complaint in conformity with the *in forma pauperis* statute,[1] the Magistrate Judge recommended dismissing several of Plaintiff's claims for failure to state a claim upon which relief may be granted. (Doc. no. 12, p. 8).

Plaintiff has objected to the portion of the Magistrate Judge's recommendation that advised dismissing her claims related to the alleged refusal by Defendants Experian,

---

[1] The law requires complaints filed *in forma pauperis*, such as Plaintiff's, to be screened in order to protect potential defendants. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

TransUnion, and Equifax to mask her social security number ("SSN"). In reaching this determination, the Magistrate Judge noted that there is no requirement that a credit reporting agency ("CRA") mask a consumer's entire SSN. (Doc. no. 14, p. 5). Rather, the law only requires that a CRA *truncate* the first five digits of a consumer's SSN. See 15 U.S.C. § 1681g(a)(1). Plaintiff now argues that she intended to use the word "mask" as a synonym for the word "truncate," and these claims should not be dismissed because the CRAs acted in willful non-compliance under the FCRA when they refused to truncate her SSN. (Doc. no. 16, pp. 4-6).

Though the FCRA does not impose strict liability or hold CRAs liable for an "employee's isolated mistakes" where the agency has and enforces reasonable procedures, Thomas v. TransUnion, LLC, 197 F. Supp. 2d 1233, 1235 (D. Or. 2002), it does impose liability for negligent or willful non-compliance with any requirement under the FCRA. See 15 U.S.C. §§ 1681n(a) & 1681o. The case of Lenox v. Equifax Info. Servs., No. 05-1501-AA, 2007 WL 1406914 (D. Or. May 7, 2007), makes clear that the failure by a CRA to truncate a consumer's SSN can constitute willful or negligent non-compliance with the FCRA. Id. at *7-8. In the instant case, though the link between the words "mask" and "truncate" is tenuous at best, the Court is under an obligation to construe Plaintiff's allegations liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*). Thus, treating the two words as synonyms, Plaintiff may *arguably* have a claim against Defendants Experian, TransUnion, and Equifax for failure to truncate her SSN.[2]

---

[2]The remainder of Plaintiff's objections are without merit and are **OVERRULED**.

2

That said, Defendants Experian, TransUnion, and Equifax cannot appropriately answer or otherwise plead to the claims in Plaintiff's complaint as currently formulated, as it still contains the word "mask," which, as noted above, is not a cognizable claim under the FCRA. Thus, service of Plaintiff's current complaint would not be appropriate. The Court recognizes that Plaintiff has filed a motion to amend and a proposed amended complaint since the issuance of the Report and Recommendation that, *inter alia*, attempts to correct this problem, (see doc. no. 18), and that Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleadings once as a matter of course before any responsive pleadings have been served, see Fed. R. Civ. P. 15(a)(1).[3] However, Plaintiff's proposed amended complaint suffers from two major problems. First, it attempts to re-assert claims that are due to be dismissed as part of this Order. Second, it fails to comply with the Local Rules of this Court that require parties to file a certificate of service with every document filed in this Court stating the date a true and correct copy was mailed to Defendant or its counsel. See Loc. R. 5.1.

Despite these deficiencies, the Court recognizes that Plaintiff is proceeding *pro se* and that the Federal Rules allow her to amend her complaint once as a matter of course. Accordingly, the Court will provide Plaintiff the opportunity to cure the deficiencies in her original complaint, and Plaintiff's motion to amend is **GRANTED**. (Doc. no. 18); see Bryant

---

[3]The Court is aware that Plaintiff previously filed a "motion to amend" that attempted to correct typographical errors and include the correct docket number in the caption of the brief submitted with her complaint. (See doc. no. 10). Thus, despite the title given this earlier motion, the Court does not consider Plaintiff's prior motion as a motion to amend her pleadings under Fed. R. Civ. P. 15(a), and thus Plaintiff may still amend her complaint once as a matter of course.

3

v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (citation omitted) (noting that a plaintiff must be given at least one chance to amend the complaint to cure pleading deficiencies before the action is dismissed). Plaintiff shall have ten (10) days from the date of this Order to submit her proposed amended complaint. Plaintiff should be aware that the amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff, Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

Upon submission of the amended complaint, the Court will review it to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff does not wish to amend her complaint and this case shall proceed in the normal course of business. Plaintiff is cautioned that while this action is pending, she shall immediately inform this Court of any change of address.

Finally, the Court notes that the parties have filed their Rule 26(f) Report in accordance with Fed. R. Civ. P. 26(f). (See doc. no. 27). However, the Court recognizes that additional parties may be served in this action upon submission and screening of Plaintiff's proposed amended complaint and that these parties would therefore be required to participate in the Rule 26(f) Conference. Accordingly, it would be inappropriate to enter a Scheduling Order at this time, and the deadlines for conducting the Rule 26(f) Conference and filing the Rule 26(f) Report will be re-set, if necessary, upon submission and screening of Plaintiff's amended complaint.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Plaintiff's claims for declaratory and injunctive relief and her claims against SunTrust under the FCRA and GLBA are **DISMISSED** for failure to state a claim upon which relief may be granted. As to the remaining claims, Plaintiff shall submit an amended complaint (with the requisite certificate of service) within ten (10) days of the date of this Order.

SO ORDERED this 24th day of June, 2009, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

5