IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERTA ANN DANIELS,            )
                                )
        Plaintiff,               )
                                )
v.                               )    CV 109-017
                                )
EXPERIAN INFORMATION             )
SOLUTIONS, INC., et al.,         )
                                )
        Defendants.              )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case, in which she originally alleged various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Graham-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.* As explained in further detail below, Plaintiff has filed an amended complaint, and because she is proceeding IFP, her amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

The Court previously reviewed Plaintiff's original complaint in conformity with the IFP statute. The undersigned recommended that Plaintiff's claims for declaratory and

injunctive relief, her claims regarding disclosure of her social security number ("SSN") and personal identification number ("PIN"), and her claims against Defendant SunTrust under the FCRA and GLBA be dismissed for failure to state a claim upon which relief may be granted. (See doc. no. 13, p. 8). Notably, the first Report and Recommendation explained that Plaintiff's claims regarding the disclosure of her SSN were not viable because the FCRA does not require that credit reporting agencies mask a consumer's SSN, only that such agencies truncate the first five digits of the SSN upon the consumer's request. (Id. at 5). Because Plaintiff had contended that Defendants were required to completely mask her SSN, the undersigned recommended dismissal of these claims. (Id. at 6).

In her objections to the first Report and Recommendation, Plaintiff informed the Honorable J. Randal Hall, United States District Judge, that she meant to use the word "mask" as a synonym for the word "truncate," and thus she asserted that her SSN claims should not be dismissed. (Doc. no. 16, pp. 4-5). Although Judge Hall found that the link between the two words was "tenuous at best," he nevertheless acknowledged the obligation to construe Plaintiff's allegations liberally, and thus granted her leave to file an amended complaint. (Doc. no. 31, pp. 2-3). Plaintiff was specifically advised that her amended complaint would supercede and replace in its entirety her original complaint. (Id. at 4 (citations omitted)). Plaintiff has submitted an amended complaint, and it is this document that the Court will now screen.[1]

---

[1] When Plaintiff filed her amended complaint, she also filed a "Memorandum of Points and Authorities in Support of [her] First Amended Complaint," which was missing a page that contained information relevant to Plaintiff's allegations against Defendant Equifax regarding the disclosure of her PIN. In accordance with the Court's instructions (see doc. no. 42), Plaintiff has submitted a complete memorandum in support of her amended complaint. (See

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds that Plaintiff names the following Defendants: (1) Experian Information Solutions, Inc. ("Experian"), (2) TransUnion LLC ("TransUnion"), and (3) Equifax Information Services LLC ("Equifax"). (Doc. no. 34, p. 2). In her amended complaint, Plaintiff alleges that each Defendant violated the FCRA in various respects.[2] Specifically, Plaintiff alleges that her SSN is included as part of her account number with the United States Department of Education ("DOE") and that she wrote letters to Experian, TransUnion, and Equifax asking them to truncate the first five digits of her SSN that appear as part of her DOE account number in her credit reports. (Id. at 3-4). She maintains that Defendants refused to do so, offered an inadequate response, or never responded to her request at all. (Id.). According to Plaintiff, her full SSN has continued to appear in credit reports generated by all Defendants. (Id. at 15).

In addition, Plaintiff states that her credit report with Equifax displays her full SSN in a separate section, and Plaintiff claims that Equifax failed to respond to her requests to have her SSN displayed in this section truncated as well. (Id. at 4). Plaintiff further maintains that Equifax required her to reveal her PIN to obtain a free copy of her credit report and that even after the PIN was provided, Equifax refused to provide her with a copy of the report. (Id. at 5). Finally, Plaintiff contends that Experian sold multiple copies of her credit report from 2005

---

doc. no. 43).

[2]The Court notes that Plaintiff does not allege that any Defendant violated the GLBA in her amended complaint, and, as noted above, Plaintiff was previously warned that her amended complaint would supercede and replace in its entirety the original complaint. (See doc. no. 31, p. 4).

3

to 2009 to companies who had never made her an offer of credit and with whom Plaintiff states she had never done business. (Id. at 4-5).

As relief, Plaintiff requests an injunction ordering: (1) Experian, TransUnion, and Equifax to truncate her SSN appearing as part of her DOE account number; (2) Equifax to truncate her SSN appearing in a separate section of her credit report; and (3) Equifax to provide her with a new PIN free of charge and her yearly free copy of her credit report. (Id. at 5-6). Plaintiff also requests a declaratory judgment finding Experian liable for selling copies of her credit report without a "permissible purpose." (Id. at 5). In addition, she demands free credit monitoring for one year by each Defendant. (Id. at 30). Finally, Plaintiff demands "any and all relief deemed just and appropriate," (id. at 5), for the emotional distress she alleges she has suffered as a result of Defendants' actions. Specifically, Plaintiff claims that she has suffered "severe" nervousness, fear, excessive worry, sleeplessness, "near hysteria," feelings of violation and vulnerability, and "other emotional distress" as a result of Defendants' actions. (Id. at 29).

## II. DISCUSSION

In the first Report and Recommendation issued in this case, the undersigned recommended that all of Plaintiff's requests for declaratory and injunctive relief be dismissed because injunctive and declaratory relief is not available to private plaintiffs under the FCRA. (Doc. no. 13, pp. 3-4 (citations omitted)). Judge Hall adopted this portion of the Report and Recommendation and accordingly dismissed Plaintiff's claims for injunctive and declaratory relief. Here, Plaintiff has again attempted to assert claims for injunctive and declaratory relief against Experian, TransUnion, and Equifax. While the Court need not re-state its

4

reasoning from the first recommendation in its entirety here, it bears repeating that, as noted by one court to recently address the issue,

> the affirmative grant of power to the [Federal Trade Commission] to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the Federal Trade Commission.

Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000) (citations omitted). Thus, the Court finds that Plaintiff's claims for declaratory and injunctive relief fail to state a claim upon which relief should be granted, and therefore these claims should be dismissed.

The Court also notes that it previously recommended that Plaintiff's claim regarding the required disclosure of her PIN be dismissed because the Court was not persuaded that it was actionable, especially where there was no evidence that Equifax disclosed her PIN to a third party. (Doc. no. 12, pp. 5-6). While Plaintiff was granted leave to amend her complaint, she has presented no new allegations in her amended complaint to persuade the Court that such a claim is now actionable. Indeed, there is nothing in the record to suppose that Equifax violated Plaintiff's privacy by requiring her to disclose her PIN, as Plaintiff never contends that her PIN was revealed to a third party, only that Equifax required her to disclose it in order to "unfreeze" her account and obtain a copy of her credit report. (Doc. no. 43, pp. 17-18). Thus, the Court recommends that this claim also be dismissed for failure to state a claim upon which relief may be granted.[3]

---

[3] In a simultaneously filed Order, the Court has directed that service of process issue as to Defendants TransUnion and Equifax as to Plaintiff's claim for monetary damages under the FCRA for their alleged failure to truncate her SSN. The Court has also directed Defendant Experian, who has already been served in this action (see doc. no. 14), to answer or otherwise respond to Plaintiff's SSN and "impermissible sale" claims in the amended complaint.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for injunctive and declaratory relief and her claim regarding disclosure of her PIN be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 9th day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE