IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERTA ANN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-017 |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, commenced the above-captioned case alleging, *inter alia*, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The Court permitted the following claims to proceed in this action: (1) Plaintiff's claim for monetary damages against Defendants Experian, TransUnion, and Equifax for failure to truncate Plaintiff's social security number ("SSN") that appears as part of her Department of Education account number; (2) Plaintiff's claim for monetary damages against Defendant Equifax for failure to truncate her SSN that appears in a separate section of her credit report; and (3) Plaintiff's claim against Defendant Experian under the FCRA for impermissible sale of her credit report. (See doc. no. 67, p. 2).

This matter now comes before the Court on two discovery motions filed by Plaintiff. The first is Plaintiff's "Motion for Clarification of Number of Interrogatories." (Doc. no. 70). Despite the title of the motion, it is apparent from the representations made by Plaintiff

in her motion that she is familiar with the requirements of Fed. R. Civ. P. 33, which permits a party to propound only twenty-five (25) interrogatories to each opponent and requires a party to seek leave of Court to serve additional interrogatories. (See id. at 6-7 (citing Fed. R. Civ. P. 33(a)(1))).[1] Indeed, at the conclusion of her motion, Plaintiff states that she is in fact seeking leave to propound more than 25 interrogatories to Defendants Experian and Equifax, since she has two claims pending against each of these Defendants. (Id. at 7). Plaintiff specifically notes that she is not requesting leave to propound more than 25 interrogatories to Defendant TransUnion, since she has only one claim pending against this Defendant. (Id.).

Courts have generally held that parties must exhaust the discovery available under the Federal Rules before seeking additional discovery. See Duncan v. Paragon Publ'g, Inc., 204 F.R.D. 127, 129 (S.D. Ind. 2001); Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 587 (D. Minn. 1999). Here, Plaintiff does not state that she has exhausted her available discovery with respect to Defendants Experian and Equifax. Rather, it appears that she is seeking permission to propound additional interrogatories before she has even served these two Defendants with the 25 interrogatories permitted under the Federal Rules. As Plaintiff has not exhausted the discovery available to her, her motion is due to be denied on this basis alone.

However, even if Plaintiff had exhausted her available discovery, her request to propound additional interrogatories to Defendants Experian and Equifax would still fail.

---

[1] The Court also notes that Plaintiff was previously provided instructions about the requirements of Fed. R. Civ. P. 33 at the outset of this case. (See doc. no. 14, p. 6).

2

Indeed, courts generally require litigants to make "particularized showings" before allowing a party to serve additional interrogatories. See Duncan, 204 F.R.D. at 129; Capacchione v. Charlotte-Mecklenburg Sch., 182 F.R.D. 486, 492 (W.D.N.C. 1998); Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512, 518 (D. Minn. 1992). Here, Plaintiff simply states that she needs to propound additional interrogatories to Defendants Experian and Equifax because she has two claims pending against each of them. (Doc. no. 70, p. 7). However, Plaintiff cites no law for the proposition that a party may exceed the presumptive limit on interrogatories simply because she has brought multiple claims against her opponent. To the extent Plaintiff may be arguing that the multiple claims pending against each of these two Defendants makes her case against them complex, the Court finds that this explanation is insufficient to entitle Plaintiff to exceed the discovery already provided for in the Federal Rules. See Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., No. 3:02-CV-793, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (citation omitted) (finding that an "assertion that a case is 'complex' is insufficient to justify deviation from the presumptive number of depositions"). Accordingly, even if Plaintiff had exhausted her available discovery, her motion would still be denied for failure to make the particularized showing necessary to propound more than 25 interrogatories to each opponent.

In sum, Plaintiff has not demonstrated that she has exhausted the presumptive number of interrogatories provided for in the Federal Rules. Moreover, even if the Court were to find that this method of discovery had been exhausted, Plaintiff has not made the necessary particularized showing generally required to serve additional discovery. Accordingly,

Plaintiff's "Motion for Clarification of Number of Interrogatories" is **DENIED**.[2] (Doc. no. 70).

Plaintiff has also filed a "Motion for Court Appointment of Expert Witness." (Doc. no. 71). In this motion, Plaintiff requests that the Court appoint an expert under Fed. R. Evid. 706, although she does not identify any particular expert that she wants to be appointed or the subject matter on which she expects any appointed expert to testify. (Id. at 1). Rather, Plaintiff requests that if the Court finds that an expert should be appointed, the Court extend the deadline for furnishing expert witness reports so that she may identify the expert and provide the appropriate documentation. (Id.). Defendants Experian and TransUnion oppose Plaintiff's motion. (Doc. no. 72). In addition to noting Plaintiff's failure to identify a particular expert or the subject matter of any expert's testimony, these Defendants also argue that there is no obligation to appoint an expert under Rule 706, especially in the absence of complex scientific or technical issues, which these Defendants contend is the case here. (Id. at 1-2). Defendants have the better argument.

Fed. R. Evid. 706, which provides for the appointment of experts by the Court, states as follows:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its

---

[2]The Court is aware that Plaintiff raised the issue of the number of interrogatories she should be allowed to propound to each party in the Rule 26(f) Report. (See doc. no. 66, p. 10). However, none of Plaintiff's statements in the Rule 26(f) Report demonstrate that Plaintiff should be permitted to serve additional interrogatories on Defendants Experian and Equifax.

4

own selection. An expert witness shall not be appointed by the court unless the witness consents to act. . . .

Fed. R. Evid. 706(a). Under this rule, courts are provided "with the *discretionary* power to appoint an expert witness . . . ." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996) (emphasis added); see also Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999) (citation omitted) (noting that denial of a motion for an expert witness is reviewed for abuse of discretion). Notably, courts have hesitated to find any kind of "affirmative obligation" to exercise their power under Rule 706 to appoint experts. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1348-49 (11th Cir. 2003); see also Okla. Natural Gas Co. v. Mahan & Rowsey, Inc., 786 F.2d 1004, 1007 (10th Cir. 1986) ("We conclude that the district court was in no way obligated to appoint an expert in this case[,] and its failure to do so cannot give rise to error."). Rather, courts have tended to limit appointment of experts under Rule 706 to cases where "the evidence or testimony at issue is scientifically or technically complex." Quiet Tech. DC-8, Inc., 326 F.3d at 1348 (citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1311 (11th Cir. 1999)).

Here, the Court finds persuasive the argument of Defendants Experian and TransUnion that the issues in this case are not so complex that the appointment of an expert is necessary. Indeed, as noted above, the issues in this case involve (1) whether Defendants Experian, TransUnion, and Equifax violated the FCRA by failing to truncate Plaintiff's SSN that appears as part of her Department of Education account number, (2) whether Defendant Equifax violated the FCRA by failing to truncate her SSN that appears in a separate section of her credit report, and (3) whether Defendant Experian violated the FCRA by

impermissibly selling Plaintiff's credit report. The Court does not find, nor does Plaintiff argue, that these issues are so complex that, if this case proceeds to trial, a jury would not be able to understand such issues without the assistance of a court-appointed expert. Moreover, as noted above, Plaintiff has not suggested a particular expert or described the subject of any expert testimony. Thus, even if the Court were to find that the issues in this case were complex enough to warrant appointment of an expert, which it does not, Plaintiff has failed to provide the Court with the information necessary to properly consider the request. Accordingly, Plaintiff's "Motion for Court Appointment of Expert Witness" is **DENIED**. (Doc. no. 71).

SO ORDERED this 18th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE